**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ideasolv LLC, | No. CV-21-01905-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Geante Rouge SARL, et al., | |
| Defendants. | |

Before the Court is Geante Rouge, SARL's ("Geante") and Youssef Aarab's ("Aarab") Motion to Dismiss. (Doc. 13.) Geante and Aarab argue that they are not subject to personal jurisdiction in Arizona. (*Id.* at 3–9.) In the alternative, they argue for dismissal of two of Plaintiff IdeaSolv, LLC's three claims pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6). (*Id.* at 9–13, Doc. 17 at 2.) For the reasons stated below, the Motion is granted in part and denied in part.[1]

I.     **BACKGROUND**

Plaintiff asserts that Aarab, as a member and manager of Geante, was hired to promote the music career of Gandhi Bilel Djuna ("Djuna"). (Doc. 1-3 ¶¶ 4–7.) Aarab and Djuna both reside in Morocco, and Geante's principal place of business is in Morocco. (*Id.* ¶¶ 2–5.) Plaintiff's principal place of business in Arizona. (*Id.* ¶ 1.) As a member of Geante, Aarab allegedly agreed to pay Plaintiff $1,200,000 to create a website and a mobile app to

---

[1] Both parties have fully briefed the issues and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

promote Djuna's U.S. concert tour. (*Id.* ¶¶ 12–19.) Djuna toured in numerous U.S. cities, but Geante and Aarab never set foot in Arizona. (*Id.* ¶ 29; Doc. 13 at 4–5.) Plaintiff alleges that even though it fulfilled all of its contractual obligations, Geante only paid $872,049.00 for the work done. (Doc. 1-3 ¶¶ 17, 27.) Including late fees and interest, Plaintiff asserts that Geante still owes $360,746.10. (*Id.* ¶ 28.) Plaintiff attempted numerous times to collect, but Geante and Aarab never responded to the requests. (*Id.* ¶¶ 32–33.)

In August 2020, Plaintiff filed a complaint in Maricopa County Superior Court for (1) breach of contract against Geante; (2) unjust enrichment against Geante, Aarab, and Djuna; and (3) common law fraud against Aarab and Djuna. (*Id.* ¶¶ 34–58.) Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441(b) by invoking diversity of citizenship and alleging an amount in controversy higher than $75,000. (Doc. 1 at 4–5.) Djuna is not a party to this motion. (Doc. 13.)

## II. LEGAL STANDARD

### A. Rule 12(b)(2)

Under Fed. R. Civ. P. 12(b)(2), a defendant may move, "prior to trial, to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The plaintiff bears the burden to show that an exercise of jurisdiction is proper. *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). Here, the plaintiff "need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (internal citation omitted). When examining whether a prima facie showing of jurisdictional facts exists, any "uncontroverted allegations in [the complaint] must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (internal quotation marks and citations omitted).

### B. Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such

that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint should not be dismissed unless the plaintiff fails "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581.

### III.   DISCUSSION

####    A.   Rule 12(b)(2)

The parties agree that general jurisdiction over Geante and Aarab does not exist in Arizona. (Doc. 13 at 4–5, Doc. 16 at 1.) Next, Geante and Aarab argue that Arizona does not have specific jurisdiction over them. (Doc. 13 at 5–9.)

Arizona's long-arm statute allows courts to exercise personal jurisdiction to the maximum extent permitted by the U.S. Constitution. Ariz. R. Civ. P. 4.2(a). Courts in the Ninth Circuit

> apply a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *see also Burri L. PA v. Skurla*,

35 F.4th 1207, 1212 (9th Cir. 2022). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). At this stage, the Court is permitted to consider affidavits from both parties. *See, e.g., Data Disc*, 557 F.2d at 1285 ("If the court determines that it will receive only affidavits . . . these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss."). Here, Plaintiff satisfies the first two prongs of the three-prong test.

### i.  Purposeful Availment

For contract disputes, the mere existence of a contract is not sufficient to subject the out-of-state party to the personal jurisdiction of the plaintiff's state. *Burger King*, 471 U.S. at 468. Rather, courts "must evaluate the parties' entire course of dealing, not solely the particular contract or tortious conduct giving rise to the claim, when assessing whether a defendant has minimum contacts with a forum." *Glob. Commodities*, 972 F.3d at 1108. As long as the contract is evidence of a negotiation process, not merely a "fleeting" business relationship with a "center of gravity lay[ing] elsewhere," the relationship will be sufficient to confer specific personal jurisdiction. *Id.* (finding sufficient contacts existed to exercise personal jurisdiction where the defendant had ongoing payment obligations in California, denoting a "sustained [] relationship"); *but see Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247 (9th Cir. 1980) (finding that a contract formed after a California plaintiff traveled to a foreign country to bid did not give rise to personal jurisdiction in California); *Boschetto*, 539 F.3d 1011 (holding that a single eBay sale to a California resident did not give rise to personal jurisdiction there in the absence of continuing obligations). Purposeful availment is found if "business activities reach out beyond one state and create continuing relationships and obligations." *Id.* at 1017 (quoting *Travelers Health Ass'n v. Commonwealth of Va.*, 339 U.S. 643, 647 (1950)).

Contrary to the "fleeting" business relationships which this Circuit has held to be insufficient to confer personal jurisdiction, the "center of gravity" of this agreement was in Arizona. Geante, through its agent Aarab, entered a $1,200,000 contract with an Arizona plaintiff (Doc. 1-3 ¶¶ 12–13), and made six payments, totaling $872,049, to Plaintiff's Arizona bank. (*Id.* ¶¶ 20–27; Doc. 16-1 ¶ 12.) Plaintiff performed all the work required by the contract in Arizona. (Doc. 16-1 ¶ 13.) Geante and Aarab "retained the right to evaluate, improve and modify the tasks to be performed under the [contract]," which is indicative of a sustained relationship. (*Id.* ¶ 14.) This case is distinguishable from *Boschetto*. 539 F.3d 1011. As opposed to an anonymous online purchase of a product, Aarab here specifically negotiated, via "dozens of emails," a contract with Plaintiff, which he knew was domiciled in Arizona, and agreed to resolve disputes according to Arizona law. (*Id.* ¶¶ 8, 4, 11.) In sum, Geante and Aarab "reach[ed] out beyond" [Morocco] and "create[d] continuing relationships and obligations with citizens of another state," so they are subject to "sanctions in the other [s]tate for the consequences of their activities." *Burger King*, 471 U.S. at 473.

### ii. Arising Out of Or Relates to Defendant's Forum Contacts

Although Geante and Aarab argue that since they have no contacts with Arizona, Plaintiff's claims cannot arise out of their contacts (Doc. 13 at 8), that circular logic is unpersuasive. Given that the above analysis establishes that Geante and Aarab had the requisite minimum contacts with Arizona via the contract with Plaintiff, failure to pay the remaining balance of that contract "arises out of or relates to the defendant's forum-related activities." *See Glob. Commodities*, 972 F.3d 1101 (holding that a foreign entity entering a contract with continuing obligations is sufficient, without physical presence, to subject it to a state's personal jurisdiction). Geante's and Aarab's only Arizona contacts were their business dealings with Plaintiff, and all counts in the complaint are directly related to those transactions. (Doc. 1-3 ¶¶ 34–58, Doc. 13 at 5.) Thus, this prong is satisfied.

### iii. Reasonableness of Exercising Jurisdiction

Since Plaintiff satisfies the first two prongs, Geante and Aarab must "present a

compelling case" to show that the exercise of jurisdiction would be unreasonable. *Burger King*, 471 U.S. at 477. In determining the reasonableness of exercising jurisdiction, the Court balances seven factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011). No one factor, even the burden on the defendant of defending in the forum, is dispositive. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488–89 (9th Cir. 1993); *see also Dole Food Co. v. Watts*, 303 F.3d 1104, 1117 (9th Cir. 2002) ("[T]wo of the seven factors—burden on defendants and sovereignty conflicts— . . . are likely to favor foreign defendants every time personal jurisdiction in the United States is considered." But those two, in isolation, are not enough to overcome the "strong presumption of reasonableness of the assertion of personal jurisdiction.").

Geante and Aarab, however, only raise the second factor in their motion: the burden on the defendant. (Doc. 13 at 8–9.) No one factor by itself is sufficient to meet the movant's high burden and render the exercise of personal jurisdiction unreasonable. Additionally, the Court is not required to analyze factors beyond those which the parties raised. *See CollegeSource*, 653 F.3d at 1079–80 (noting that, since the defendant only raised three of the possible seven factors, the court did not analyze the remaining four and held that the defendant did not present a compelling case to avoid the exercise of personal jurisdiction). Thus, Geante and Aarab failed to present a persuasive case to avoid the strong presumption of reasonableness, and are subject to personal jurisdiction in Arizona.

**B.** **Rule 12(b)(6)**

The parties stipulate that Plaintiff's fraud claim should be dismissed for failure to

state a claim under the economic loss doctrine.[2] (Doc. 13 at 9–11, Doc. 16 at 1.)

As to Count II, Aarab argues that Plaintiff's unjust enrichment claim against him should be dismissed for failure to state a claim. (Doc. 13 at 13.) Specifically, Aarab argues that it is "conclusory" to state that he, as an employee of Geante, benefitted financially from the promotion of Djuna's concert tour. *Id.*

To prevail on an unjust enrichment claim under Arizona law, a plaintiff must prove five elements: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 318 (Ariz. Ct. App. 2012). In short, it "provides a remedy when a party has received a benefit at another's expense and, in good conscience, the benefitted party should compensate the other." *Id.* Although a plaintiff is permitted to "state as many separate claims or defenses as it has, regardless of consistency," "where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." Fed. R. Civ. P. 8(d)(3); *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174 (Ariz. 1976).

Here, the unjust enrichment claim against Aarab meets the five requirements under Arizona law, thus making the prima facie showing that is necessary at this stage. The complaint alleges that (1) Aarab is the member and manager of Geante, the manager of Djuna's music career, and benefits financially and professionally from Djuna's success (Doc. 1-3 ¶¶ 4, 6, 7); (2) despite Plaintiff meeting all obligations in the contract, Geante failed to pay and now owes Plaintiff $360,746.10 (*id.* ¶¶ 17–19, 28); (3) Geante entered a contract with Plaintiff to create an application that would promote Djuna's U.S. concert tour, so the enrichment and impoverishment are "directly and causally related" (*id.* ¶¶ 7, 12, 46); (4) there is no "legal justification for the enrichment of Aarab . . . at [Plaintiff]'s expense." (*id.* ¶ 48.) From these purported facts, Aarab's unjust enrichment,

---

[2] Aarab also argues that Plaintiff's fraud claim should be dismissed since it is not "pleaded with the particularity required by Fed. R. Civ. P. 9(b)." (Doc. 13 at 11.) Since Plaintiff stipulated to dismiss the fraud claim, the Court will not analyze that issue separately.

- 7 -

given his managerial role in Geante, is alleged "above a speculative level." *Twombly*, 550 U.S. at 555. Aarab cites no relevant case law to the contrary.

Additionally, although there is a governing contract, that contract is between Plaintiff and Geante, rather than between Plaintiff and Aarab. (*Id.* ¶ 12.) Thus, the fifth element, "absence of remedy provided by law," is also met, since Plaintiff cannot pursue a breach of contract claim against Aarab directly. *Smoke Tree*, 230 Ariz. at 318.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Defendants Geante Rouge, SARL's and Youssef Aarab's Motion to Dismiss Plaintiff Ideasolv's complaint for lack of personal jurisdiction. (Doc. 13.)

**IT IS FURTHER ORDERED** granting Defendants Geante Rouge, SARL's and Youssef Aarab's Motion to Dismiss Count Three (Common Law Fraud) claim, per the parties' stipulation. (Doc. 13; Doc. 16.)

**IT IS FURTHER ORDERED** denying Defendant Youssef Aarab's Motion to Dismiss Count Two (Unjust Enrichment) for failure to state a claim. (Doc. 13.)

**IT IS FINALLY ORDERED** that the remaining claims are (1) breach of contract against Geante; (2) unjust enrichment against Geante, Aarab, and Djuna; and (3) common law fraud against Djuna. (Doc. 1-3.)

Dated this 1st day of August, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge